## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO

**MICHAEL SANDERS**                                                                  **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 4:07CV-P62-M**

**HENDERSON COUNTY DETENTION CENTER**
**JAILER RON HERRINGTON**                                         **DEFENDANTS**

### MEMORANDUM OPINION

The plaintiff, Michael Sanders, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He lists the Henderson County Detention Center ("HCDC") as a defendant in the caption of the complaint and lists HCDC Jailer Ron Herrington[1] as a defendant in the parties' section of the complaint. The plaintiff alleges the HCDC library fails to contain the following federal law books: Title 18, Title 21, Federal Rules of Criminal Procedure, and "The Gorgetown." He claims that these books are essential research materials. The plaintiff reports that he is currently "fighting federal charges" in this Court and claims that self-representation was at issue in his criminal action. He reports, however, that he chose not to represent himself because he did not have access to the proper materials needed to prepare himself for trial. He further contends that while he is currently represented by counsel in the pending criminal matter, he intends to represent himself on appeal. The plaintiff, therefore, seeks an injunction directing the HCDC either to buy or supply the above-referenced books for use by prisoners or to hire outside counsel to help inmates with their cases. He further seeks an injunction ordering the jail to allow inmates to use the library on a weekly basis.

---

[1] In the complaint, Plaintiff named "Harrington" as jailer. The Court takes judicial notice, however, that the proper spelling of the jailer's last name is actually "Herrington." *See* THE KENTUCKY DIRECTORY GOLD BOOK, The Clark Group (2006).

Because the plaintiff is a prisoner seeking redress from a governmental entity and official, the Court must review the instant action under 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, the Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

As a preliminary matter, the Court notes that the plaintiff fails to specify in which capacity he sues Defendant Herrington. It is a plaintiff's affirmative duty, however, to plead the capacity in which he is suing a defendant. *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989). "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether defendants have been notified of the potential for individual liability. *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001). In the present case, the complaint is devoid of any indication that Defendant Herrington has been sued in his individual capacity. Absent indication to the contrary, the Court must presume that Defendant Herrington is being sued in his official capacity. *See Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991).

If an action is brought against an official of a governmental entity in his "official capacity," the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, in the case at bar, the plaintiff's constitutional claim of denied access to court brought against Jailer Herrington is actually brought against Henderson County. Similarly, the same claim asserted against the HCDC must be brought against Henderson County because the

jail is not an entity subject to suit. *Matthews v. Jones*, 35 F.3d at 1049 (advising that since the county police department is not an entity which may be sued, the county is the proper party); *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the fiscal court and judge executive is actually a suit against the county itself).

Upon review of the complaint, the Court will allow the plaintiff's denial-of-access-to-court claim to continue against Henderson County. In so doing, the Court passes no judgment on the merit and ultimate outcome of the case.

The Court will enter a separate scheduling order governing the development of this action.

Date:

cc: Plaintiff, *pro se*
 Defendant Jailer Herrington
 Henderson County Attorney
4414.005

3